UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MANOUCHEHR GOUDARZI, an individual; VALERIE GOUDARZI, an individual; and MARYAM GOUDARZI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., d/b/a CHASE BANK, a Delaware corporation,<br><br>Defendant. | No.<br><br>COMPLAINT<br><br><br><br><br><br>**JURY TRIAL REQUESTED** |

## I.  INTRODUCTION

1.1  "Financial services and products have played a critical role in helping many families build wealth and plan for the future – whether that means saving for college, retirement, or their first home.  Many Americans have been able to do just that. *However, not every community has gotten its share of the prosperity. That is especially true for Black and brown Americans – who are too often shut out of the financial system because of discrimination. Let that sink in, in 2022 . . . in the United States of America, you can be turned away at a bank because of the color of your skin*." - U.S. Senator Sherrod Brown, Chairman of the U.S. Senate Committee on Banking, Housing, and Urban Affairs, excerpted opening statement from the December 1, 2022 hearing, "Fairness in Financial Services: Racism and Discrimination in Banking." (Emphasis added).

1.2  On December 17, 2021, Mr. Manouchehr Goudarzi—a long-time Seattle resident who is Middle Eastern and appears as such—went into a Chase Bank branch, and requested a

COMPLAINT - 1
No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

cashier's check from his account to pay for his daughter's college housing and other school-related needs. He and his family had banked with Chase for nearly three decades, and Mr. Goudarzi was a Chase Private Client. He presented the teller with three forms of identification, including his U.S. passport, his Washington State Driver's License, and his Chase Bank Credit Card. The teller refused to issue him the cashier's check. She refused to explain why. She photocopied his IDs without his consent. He complained that the Teller had no justification for her actions so appeared to be discriminating against him, and he asked other Bank employees for help but they did not do so, other Bank employees did not aid him and after he left the Branch the Teller reported him to the police.

1.3     Mr. Goudarzi promptly made a formal complaint via Chase Bank's telephonic "Hotline" and spoke to multiple employees about its discriminatory treatment of him. Then, without notice, the Bank closed the bank accounts and credit cards of Mr. Goudarzi, his wife, and his daughter, freezing all of the family's funds that they use to pay rent, utilities, groceries, and the college education of their four children. More than a month had passed before Chase provided them access to their money, by dropping them a check in the mail.

## II.     PARTIES

2.1     Plaintiff Manouchehr Goudarzi is a citizen of the state of Washington and a resident of King County, Washington.

2.2     Plaintiff Valerie Goudarzi is a citizen of the state of Washington and a resident of King County, Washington.

2.3     Plaintiff Maryam Goudarzi is a citizen of the state of Washington and a resident of King County, Washington.

2.4     Defendant J.P. Morgan Chase Bank, d/b/a Chase Bank ("Chase Bank") is a corporation formed under the laws of the State of Delaware. Defendant owns and operates the Sandpoint Way Branch of Chase Bank, located at 5464 Sand Point Way NE Seattle, WA 98105.

COMPLAINT - 2

No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

### III. JURSIDCTION AND VENUE

3.1 This Court has jurisdiction over plaintiff's federal claims set out below pursuant to 28 U.S.C. § 1331, as well as 42 U.S.C. § 1981. The Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

3.2 Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

### IV. FACTS

**Chase Bank Denied Mr. Goudarzi a Cashier's Check Despite Him Presenting Three Forms of Identification**

4.1 Plaintiff Manouchehr Goudarzi is a person of color, ethnically Middle Eastern. He was born in Iran. He speaks with a Middle Eastern accent.

4.2 Plaintiff Valerie Goudarzi is the spouse of Mr. Goudarzi. She is Muslim.

4.3 Plaintiff Maryam Goudarzi is the daughter of Mr. Goudarzi and Mrs. Goudarzi.

4.4 In 2021, the Goudarzi family had been loyal customers to Chase Bank for over 26 years.

4.5 On December 17, 2021, Mr. Goudarzi went to the Sandpoint Way Branch of Chase Bank, located at 5464 Sand Point Way NE Seattle, WA 98105, to obtain a cashier's check for his daughter's college tuition.

4.6 Mr. Goudarzi observed the Bank Teller, Ms. Gisele Lopez-Colarte, interact with other customers before him. She appeared talkative and in high spirits. Ms. Lopez-Colarte's demeanor changed when she saw Mr. Goudarzi. When he approached her station, Ms. Lopez-Colarte did not greet him, and she appeared cold.

4.7 Mr. Goudarzi requested a cashier's check in the amount of $8,000. Mr. Goudarzi provided three (3) forms of identification: valid Washington State driver's license, valid United States passport, and a Chase credit card with his photograph on the back. Mr. Goudarzi frequently

COMPLAINT - 3
No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

obtained cashier's checks for his daughter's college housing and other school-related needs. Mr. Goudarzi typically provided these forms of identification when he sought the cashier's checks at other branches and they had always been treated by the Bank as sufficient.

4.8  Ms. Lopez-Colarte asked him for a debit card. Mr. Goudarzi did not have, nor had he had for multiple decades, a Chase debit card, which he explained to her. Mr. Goudarzi, again, produced his Chase credit card with his photograph on the back, in addition to his Washington State driver's license and his United States passport.

4.9  Without explanation, Ms. Lopez-Colarte responded, "I'm not going to issue a cashier's check," or words to that effect.

4.10  Mr. Goudarzi asked, "Why am I not able to get a cashier's check?" Mr. Lopez-Colarte did not respond. So he repeated his question. She, again, did not answer him.

4.11  Politely, Mr. Goudarzi told Ms. Lopez-Colarte that she was discriminating against him. He, again, asked why she was denying him the cashier's check.

4.12  Mr. Goudarzi pressed record on the video camera on his cell phone. She still did not respond to him.

4.13  Ms. Lopez-Colarte took Mr. Goudarzi's three IDs to the back of the Teller's station. Calmly, Mr. Goudarzi said that he did not consent to her taking his IDs out of his sight. He asked her to return them.

4.14  Mr. Goudarzi asked another teller, Nisha Praanik, for help. She ignored him.

4.15  Mr. Goudarzi walked over to another Chase Banker, Nanda Kishore. Mr. Goudarzi asked him for help. In response, Mr. Kishore asked Mr. Goudarzi to stop recording. Mr. Goudarzi stopped recording.

4.16  Mr. Goudarzi peacefully asked to speak with a manager. Mr. Kishore responded that the manager was out of the office. Mr. Goudarzi asked Ms. Praanik to contact the Chase Hotline and initiate a complaint on his behalf. She denied his request.

4.17  Ms. Praanik returned Mr. Goudarzi's three IDs to him.

4.18  Then, Mr. Goudarzi left the Branch.

COMPLAINT - 4

No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.16    Throughout his time at the Bank, Mr. Goudarzi was respectful, calm, and talked at a conversational volume.

4.19    After Mr. Goudarzi left the bank, Ms. Lopez-Colarte called 9-1-1. She reported Mr. Goudarzi to the police as "Middle Eastern male" who was "harassing employees" and "appears aggressive."

4.20    SPD cleared the scene in fewer than 10 minutes. The police never contacted Mr. Goudarzi.

### Mr. Goudarzi Initiated a Complaint for Race Discrimination

4.21    The following day, on December 18, 2021, Mr. Goudarzi called the Chase Bank hotline.  The Hotline agent said that two forms of identification should have been sufficient, and the Teller should not have asked for more. Mr. Goudarzi said that he felt discriminated against. The Hotline agent apologized, and informed Mr. Goudarzi that an internal complaint has been initiated on his behalf.  The agent told him that a Sandpoint Way Branch Manager would contact Mr. Goudarzi within 24 hours of initiating the complaint. The Manager never did.

4.22    That same day, Mr. Goudarzi contacted his personal banker at Chase Bank. Mr. Goudarzi told her that he felt the Teller had discriminated against him. After acknowledging that the incident seemed to indicate discriminatory conduct, she noted that the Sand Point Bank Way Manager was still out of town, but she will leave the Manager a message. Soon after this conversation, Chase instructed her to cease contact with Mr. Goudarzi, who had been her client of hers for approximately two and a half years.

4.23    None of these Chase agents told Mr. Goudarzi that Chase considered his conduct at the Branch improper or aggressive, or that it could adversely impact his account status.

### Chase Closed the Goudarzi Family's Chase Accounts Without Notice or Explanation

4.24    On January 28, 2022, Mr. Goudarzi tried to transfer money from his Chase account to his daughter, but was unable to access his funds. When Mr. Goudarzi went to the Chase application on his cell phone, it was "red" and said "closed."

COMPLAINT - 5
No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.25   On February 1, 2022, Mr. and Mrs. Goudarzi received a letter dated January 14, 2022, stating that Chase Bank had closed Mrs. Goudarzi's Chase account.

4.26   After checking, the Goudarzis discovered that the entire family's accounts with Chase Bank and J.P. Morgan bank, three accounts in total, had been closed.

4.27   Mr. Goudarzi and his daughter Maryam Fatimah Goudarzi were joint account holders on one the accounts. Neither of them received any notice that the Bank had closed any of their bank accounts.

4.28   Mr. Goudarzi called Chase Bank, asking why it had closed his family's bank accounts, without notice or explanation, and for the status of his complaint of discrimination. The Bank gave him no reason.

4.29   Chase Bank's internal instructions were *not* to inform the Goudarzi family of the reasons it closed their accounts because Mr. Goudarzi had alleged discrimination "on account of their color."

> **COMPLAINT INFORMATION**
> **What did the customer tell you about their situation?**
> Customer called stating that he's very upset that Chase is closing his accounts without a reason why. Customer stated that he was able to use his account except for the weekend when he tried to transfer money and use Zelle. Customer stated that he called customer service and was told that his accounts were closed but no one would provide him with a reason except a letter was mailed out. Customer is requesting for Chase to extend the time of closure so he could be able to wire out the money or whatever he needs to do, because he wife just received the letter on yesterday 2/1/22. (see detail notes)
>
> **What were your findings while researching the issue?**
> to be determined
> EO: CP: Bank initiated closure for inappropriate customer conduct. decision is final and no reconsideration process
> DO NOT READ OR DISCLOSE THIS NOTE TO CUSTOMER: The customer has alleged discrimination under the protected class (race) stating their account is being closed on account of their color.

4.30   Since then, Chase confirmed in a letter dated May 11, 2022, that it closed the Goudarzi's family accounts due to the December 17, 2021 incident.

COMPLAINT - 6

No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

4.30  As a direct and proximate result of the Defendant's actions or inactions, Plaintiffs have suffered and continue to suffer damages.

4.31  On information and belief, Defendant has a pattern and practice of committing discriminatory conduct against customers based on race, national origin, and color.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Race Discrimination (42 U.S.C. § 1981)

5.1  Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

5.2  Plaintiffs allege that Defendant's conduct violated 42 U.S.C. § 1981.

### SECOND CAUSE OF ACTION

### Violation of the Washington Law Against Discrimination

5.3  Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

5.4  Plaintiffs allege that Defendant's conduct violated RCW 49.60.030, *et seq*.

### THIRD CAUSE OF ACTION

### Violation of the Equal Credit Opportunities Act (12 C.F.R. § 1002.2(e))

5.5  Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

5.6  Plaintiffs are "applicants" as defined by the Equal Credit Opportunities Act. 12 C.F.R. § 1002.2(e) (2024).

5.7  Plaintiffs allege that Defendant's conduct violates the Equal Credit Opportunities Act, 15 U.S.C. 1691, *et seq*.

### FOURTH CAUSE OF ACTION

### Violation of the WA Consumer Protection Act (RCW 19.86)

5.8  Plaintiffs reallege each of the foregoing paragraphs as if fully set forth herein.

5.9  Plaintiffs allege that Defendant's conduct violates the Washington Consumer Protection Act, RCW 19.86.

COMPLAINT - 7

No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request relief against Defendant as follows:

6.1 A jury trial;

6.2 A declaration that the Defendant violated Plaintiffs' civil rights;

6.3 An injunction protecting Plaintiffs and other customers from deprivation of their rights;

6.3 General and special damages in amounts to be proved at trial;

6.4 Punitive damages;

6.5 Pre-judgment and post-judgment interest;

6.6 Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, RCW 49.60, and other applicable law;

6.7 The right to amend the complaint to conform to the proof offered at trial; and

6.8 Other relief as the Court deems just and equitable.

DATED this 14th day of November 2024.     Respectfully submitted,

**MacDONALD HOAGUE & BAYLESS**          **MacDONALD HOAGUE & BAYLESS**

By: */s/Lauren I. Freidenberg*          By: */s/Jesse Wing*
    Lauren I. Freidenberg, WSBA #59145       Jesse Wing, WSBA #27751
    705 Second Avenue, Suite 1500            705 Second Avenue, Suite 1500
    Seattle, WA 98104                        Seattle, WA 98104
    206-622-1604                             206-622-1604
    LaurenF@mhb.com                          JesseW@mhb.com

*Attorney for Plaintiffs*                *Attorney for Plaintiffs*

**MacDONALD HOAGUE & BAYLESS**

By: */s/Adarsh Parthasarathy*
    Adarsh Parthasarathy, WSBA # 62319
    705 Second Avenue, Suite 1500
    Seattle, WA 98104
    206-622-1604
    AdarshP@mhb.com

*Attorney for Plaintiffs*

COMPLAINT - 8

No.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961