UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANOUCHEHR GOUDARZI et al., <br><br> Plaintiff(s), <br><br> v. <br><br> J.P. MORGAN CHASE BANK N.A., <br><br> Defendant(s). | CASE NO. C24-1882-KKE <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND MOTION FOR PROTECTIVE ORDER |

Defendant J.P Morgan Chase Bank N.A. ("Chase") seeks relief from this Court's prior order denying Chase's motion to compel arbitration. Chase also asks the Court to temporarily limit the scope of discovery while the Court decides if the case should be arbitrated.

When factual disputes prevent a court from determining whether an arbitration agreement is enforceable, the court must ordinarily permit limited discovery into arbitrability followed by further proceedings to resolve the issue. Because the Court finds that factual issues should have precluded it from holding the arbitration clause invalid as a matter of law, it grants Chase's motion for relief in part. The Court modifies its prior order to clarify that Chase will have leave to file a renewed motion to compel arbitration after limited discovery into whether the parties formed a binding agreement to arbitrate. Until it decides this threshold issue, the Court will limit discovery to arbitrability and stay merits discovery.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND MOTION FOR PROTECTIVE ORDER - 1

# I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case as set forth in its order denying Chase's motion to compel arbitration. Dkt. No. 34 at 2–6. The following background recounts only the facts and procedure relevant to the current motions.

## A. This Lawsuit and the Motion to Compel Arbitration

Plaintiffs Manouchehr, Valerie, and Maryam Goudarzi[1] sue Chase alleging racial discrimination and violation of the Equal Credit Opportunities Act and Washington Consumer Protection Act. Dkt. No. 1 at 7. They claim that in December 2021, a Chase teller refused to issue Mr. Goudarzi a cashier's check and that Chase then closed the Goudarzis' bank accounts for discriminatory reasons. *Id.* at 3–7.

Chase moved to compel arbitration of the Goudarzis' claims. Dkt. No. 16. It argued that the Goudarzis agreed to be bound by an arbitration clause in Chase's Deposit Account Agreement ("DAA"). *Id.* at 2–4. In support of its motion, Chase filed declarations with exhibits containing Personal Electronic Signature Cards ("signature cards") purportedly signed by the Goudarzis when they opened certain accounts. Dkt. Nos. 18, 28. The signature cards include an acknowledgement section stating:

> I acknowledge receipt of the Bank's Deposit Account Agreement or other applicable account agreement or the Chase Liquid Agreement, which includes all provisions that apply to this deposit account and/or Chase Liquid Card and the Bank Privacy Policy, and agree to be bound by the terms and conditions therein as amended from time to time.

Dkt. No. 18 at 5. The record contained no evidence explaining the process by which customers affix their electronic signatures to these cards, or the mechanism by which a customer would view the information contained on the card. Nor did the record reveal whether Chase ever provided a

---

[1] For clarity, this order identifies Plaintiffs individually as "Mr. Goudarzi," "Mrs. Goudarzi," and "Ms. Goudarzi," respectively.

physical copy of the DAA to the Goudarzis or whether its regular practice is to do so when customers open accounts in person.

Mr. Gourdarzi submitted a declaration in opposition to Chase's motion. Dkt. No. 25. In it, he claims not to recall ever seeing the acknowledgement section on the signature cards. *Id.* ¶ 5. He also states that, when he opened certain accounts in 2019, the Chase teller did not show him the acknowledgement section or tell him about the arbitration clause or documents containing an arbitration clause. *Id.* ¶ 3. Although Mr. Goudarzi states he does "not recall ever reading" the DAA, his declaration does not indicate if he received a copy of it. *Id.* ¶ 7.

**B.    The Order Denying the Motion to Compel Arbitration**

The Court denied Chase's motion to compel arbitration, concluding that the arbitration clause was unenforceable. Dkt. No. 34. In doing so, it made three related rulings:

First, the Court held that the parties did not "clearly and unmistakably" delegate the issue of arbitrability to the arbitrator. *Id.* at 8–10 (quoting *Brennon v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)). Therefore, the Court—not an arbitrator—was tasked with determining if the parties entered a binding arbitration agreement. *Id.*

Second, the Court held that Chase failed to carry its burden to show that the Goudarzis manifested assent to the arbitration clause. *Id.* at 11–15. It found that the record failed to explain the process for signing the signature cards or how the Goudarzis would have received the DAA when they opened their accounts. *Id.* at 12. And the only documents suggesting the Goudarzis received the DAA were their acknowledgments on the signature cards. But Chase never demonstrated how customers were shown the acknowledgement section, and Mr. Goudarzi disputed ever seeing it. *Id.* at 12–13. Accordingly, factual disputes over whether the Goudarzis received the DAA and whether they had notice of the arbitration clause prevented the Court from finding mutual assent. *Id.* at 15.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND MOTION FOR PROTECTIVE ORDER - 3

Finally, the Court held that, even if Chase met its burden to show mutual assent, the arbitration clause would fail as a matter of law because it was procedurally unconscionable. *Id.* at 16. The Court noted that Chase never presented evidence refuting Mr. Goudarzi's declaration that, when he opened certain accounts, he did so in person and the banker did not present him with the acknowledgment section or inform him about the DAA or the arbitration clause. *Id.* And even if the DAA was technically available online, the Court found there was no reasonable notice of the arbitration clause because it was "hidden in a maze of fine print" and not mentioned on the signature cards or the DAA's table of contents. *Id.* at 16–17. The Court acknowledged that, when factual disputes regarding contract formation exist, the Federal Arbitration Act's ("FAA") procedures ordinarily call for limited discovery followed by a renewed motion to compel and, if necessary, a mini-trial on arbitrability. *Id.* at 15 (citing *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022)). But given the clause's procedural unconscionability, the Court found additional proceedings unnecessary to resolve the issue of arbitrability and denied Chase's motion. *Id.* at 15, 17.

Chase then filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the order denying the motion to compel arbitration. Dkt. No. 35. After that motion was fully briefed (Dkt. Nos. 39, 41), Chase followed up with a motion for protective order seeking to limit discovery to arbitrability pending resolution of the 60(b) motion and any subsequent proceedings to resolve arbitrability (Dkt. No. 42). The parties briefed the motion for protective order (Dkt. Nos. 45, 47), and the Court heard oral argument on both motions (Dkt. No. 49). The Rule 60(b) motion and motion for protective order are now ripe for the Court's consideration.

## II.   ANALYSIS

**A.   Motion for Relief from Order**

A district court has discretion to "reconsider an interlocutory order denying a motion to compel arbitration." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 858–59 (9th Cir. 2022). Under Rule 60(b), such relief may be warranted by, among other things, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Granting a Rule 60(b) motion "is an extraordinary remedy[.]" *Berman*, 30 F.4th at 858–59. Parties may not use such motions "to raise new arguments or introduce new evidence" they should reasonably have raised or introduced earlier, *id.* at 859, or "to relitigate a case based on information that was previously before them," *Wilson v. JPMorgan Chase Bank NA*, No. 2:23-AP-1073, 2024 WL 4592967, at *2 (W.D. Wash. Oct. 28, 2024).

Much of Chase's 60(b) motion rehashes arguments the Court has already considered, makes new arguments Chase could have made earlier but did not, or presents new evidence Chase had in its possession all along. For instance, Chase contends, as it did previously, that the Goudarzis' signatures on the signature cards are, on their own, sufficient evidence of mutual assent to bind them to the DAA's arbitration clause. Dkt. No. 35 at 1, 6. The Court rejected this argument before and will not revisit its ruling on a 60(b) motion. As the Court explained, the Goudarzis dispute ever seeing the acknowledgement on the signature card, the acknowledgement does not reference arbitration, and Chase presented no other evidence that the Goudarzis ever received the DAA. Dkt. No. 34 at 12–13. Accordingly, Chase has not shown assent to the arbitration clause.

Chase also raises a new theory that the Goudarzis assented to the terms of the DAA by simply using the accounts at issue. Dkt. No. 35 at 5–6. But "new legal theories … cannot be

brought for the first time in a" Rule 60(b) motion. *Caruso v. Wash. State Bar Ass'n*, No. C17-00003RSM, 2017 WL 3236606, at *2 (W.D. Wash. July 31, 2017) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)), *aff'd* 716 F. App'x 650 (9th Cir. 2018). Chase's untimely new arguments are therefore procedurally improper.

Additionally, Chase submitted various declarations and new evidence it says "will establish mutual assent and that the DAA is not procedurally unconscionable" if the Court permits additional discovery into arbitrability. Dkt. No. 35 at 12; *see also* Dkt. Nos. 36, 37, 38. A Rule 60(b) motion "may *not* be used to … present evidence for the first time" that "could reasonably have been raised earlier in the litigation." *Feis v. Mayo*, No. C23-462-MLP, 2024 WL 2845937, at *1 (W.D. Wash. June 5, 2024) (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). At the hearing on its motion, Chase clarified that it is not asking the Court to consider the new evidence in resolving its 60(b) motion. And doing so would be improper in any event because Chase, with diligence, could have presented the evidence earlier. The new evidence thus has no bearing on the motion currently before the Court.

Nevertheless, the Court is convinced that modification of its order is appropriate to correct an error in its ruling that the arbitration clause was procedurally unconscionable. The federal rules "provide ample support for the conclusion that judges may correct judicial errors within a reasonable time to avoid the inconvenience and expense of an appeal." *Amazon.com, Inc. v. Limin*, No. C23-931-RSM, 2025 WL 2591342, at *1 (W.D. Wash. May 5, 2025) (citing *Gila River Ranch, Inc., v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)). Here, Chase acted "within a reasonable time" by filing its Rule 60(b) motion within the time to appeal the underlying order. *Gila River Ranch, Inc.*, 368 F.2d at 357 (holding district court properly reopened prior decision based on Rule 60(b) motion "filed before the time for appeal had expired"). As explained below, a modification

of the Court's order denying Chase's motion to compel arbitration is justified to clarify that Chase will have leave to renew its motion following limited discovery on the issue of arbitrability.

As described above, unresolved factual issues concerning the process by which the Goudarzis opened their accounts prevented the Court from finding mutual assent to the DAA's arbitration clause. In particular, the record failed to resolve "whether Plaintiffs received the DAA" and whether they "had notice of the arbitration clause such that they assented to its terms." Dkt. No. 34 at 15. The record also contained no evidence explaining the process by which customers affix their electronic signature to signature cards or the process by which a customer would view the information contained on the card. *Id.* at 3. Accordingly, Chase failed to carry its burden to show that the parties mutually agreed to arbitrate this dispute. *See Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017).

These same factual issues, however, should have precluded finding the arbitration clause procedurally unconscionable at this stage of the litigation. The procedural unconscionability analysis looks to "the circumstances surrounding the transaction," including the three factors set forth in *Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 495 (Wash. 2020). *See* Dkt. No. 34 at 16. As the Goudarzis acknowledged at oral argument, they bear the burden of meeting this standard. *See Zuver v. Airtouch Commun., Inc.*, 103 P.3d 753, 759 (Wash. 2004) ("The party opposing arbitration bears the burden of showing that the agreement is not enforceable."). The record before the Court when it denied Chase's motion consisted, in relevant part, largely of the signature cards, which state that the customer "acknowledge[s] receipt of the [DAA] or other applicable account agreement" (Dkt. Nos. 18, 28-1), and Mr. Goudarzi's declaration, which states that, when he opened certain accounts, he did so in person, was not presented the acknowledgement, and was never "informed about … documents that contained an arbitration clause" (Dkt. No. 25 ¶ 3). The record does not establish whether Mr. Goudarzi received a copy of the DAA; if he did, in what

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND MOTION FOR PROTECTIVE ORDER - 7

form he received it; or whether he was shown the acknowledgment section of the signature cards before signing. Each of these facts bears on the ultimate question of whether the Goudarzis had "a meaningful choice" in entering the arbitration agreement. *Burnett*, 470 P.3d at 495. Because there are disputed facts bearing on procedural unconscionability, it was premature to hold the arbitration clause invalid without further discovery and proceedings.

Since neither party carried its burden at this stage, the Court should have directed additional discovery into arbitrability followed by a renewed motion to compel. The Ninth Circuit has said "that the FAA's procedure mirrors the three phases of federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if necessary." *Knapke*, 38 F.4th at 833. Courts have interpreted *Knapke* as allowing the parties to engage in limited discovery before the movant renews a motion to compel arbitration. *See, e.g., Tu v. Experian Info. Sols., Inc.*, No. 24-CV-1221-WQH-MSB, 2025 WL 1134612, at *9 (S.D. Cal. Apr. 16, 2025) (collecting cases). Put differently, Chase's initial motion was "akin to the first phase: a motion to dismiss." *Noel v. Roblox Corp.*, No. 3:24-CV-00963-JSC, 2024 WL 3747454, at *6 (N.D. Cal. Aug. 8, 2024). Because Chase did not carry its burden to show mutual assent to the arbitration clause, and the Goudarzis did not carry their burden to show procedural unconscionability, "the case moves to the next phase: discovery." *Id.* After limited discovery on arbitrability, "the parties will brief—under the summary judgment standard—whether the record establishes" mutual assent or procedural unconscionability as a matter of law. *Id.*

The Court therefore grants Chase's 60(b) motion in part and clarifies that the initial motion to compel arbitration is denied without prejudice to Chase filing a renewed motion following discovery into arbitrability.

### B. Motion for Protective Order

Chase also moves for a protective order staying discovery into the merits of the Goudarzis' claims pending resolution of its 60(b) motion and any subsequent proceedings on arbitrability. District courts have broad discretion to control discovery. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In response, the Goudarzis ask the Court to deny Chase's motion "without prejudice to renewing it if the Court grants the 60(b) motion[.]" Dkt. No. 45 at 2.

As discussed, the Court will grant the 60(b) motion in part. And the Goudarzis do not argue against staying merits discovery while discovery on arbitrability proceeds. Indeed, they initially asked the Court (in the alternative to denying Chase's motion to compel) to permit "targeted discovery" on assent and other issues of contract formation and defer ruling on arbitrability. Dkt. No. 24 at 1, 14. Consistent with this suggestion, Courts routinely limit discovery when there is an open question of whether the parties agreed to arbitrate. *See, e.g., Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases); *Campbell v. MOD Super Fast Pizza, LLC*, No. 2:22-CV-00864-RSL, 2023 WL 3203665, at *1 (W.D. Wash. May 2, 2023); *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2–3 (W.D. Wash. May 12, 2022); *Garcia v. Experian Info. Sols., Inc.*, No. 23-CV-04672-BLF, 2024 WL 1117912, at *2 (N.D. Cal. Mar. 13, 2024). Under these circumstances, a temporary stay of merits discovery preserves any existing right to arbitrate and promotes efficiency because, if the Court ultimately grants the motion to compel, the arbitrator will be tasked with determining the nature and scope of merits discovery. *See Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007).

The Court will therefore grant Chase's motion for a protective order in part and limit discovery to the issues of contract formation and unconscionability pending a ruling on Chase's forthcoming renewed motion to compel arbitration. The parties are directed to meet and confer and submit a joint proposal by November 21, 2025, including a proposed expedited discovery plan and deadline for Chase to file its renewed motion to compel. The Court also acknowledges that the parties filed a Rule 16 Joint Statement and Request for Discovery Conference, which includes alternative proposals for amending the case schedule. Dkt. Nos. 50, 50-1. The parties' forthcoming joint proposal should state if a discovery conference is still needed in light of this order and whether the Court should issue an amended case schedule or, alternatively, strike any existing deadlines (Dkt. No. 22) pending resolution of the arbitrability issue.

The Court is mindful that this case has been pending for a year without resolution of this threshold issue. The Court therefore expects the parties to move quickly toward completing the limited discovery needed to re-brief the issue of arbitrability so that this litigation can proceed expeditiously to the next phase.

### III.  CONCLUSION

Accordingly, the Court ORDERS that:

1) Chase's Motion for Relief from Order Denying Motion to Compel Arbitration (Dkt. No. 35) is GRANTED in part and DENIED in part. The Court's Order on Motion to Compel Arbitration (Dkt. No. 34) is modified, consistent with this order, to clarify that Chase's Motion to Compel Arbitration (Dkt. No. 16) is denied without prejudice. Chase shall be permitted to renew its Motion to Compel Arbitration following completion of limited discovery into arbitrability.

2) Chase's Motion for Protective Order to Stay Merits Discovery (Dkt. No. 42) is DENIED in part as moot[2] and GRANTED in part. Until Chase's renewed Motion to Compel Arbitration is resolved, discovery shall be limited to the issues of mutual assent and procedural unconscionability with respect to the arbitration clause in the Deposit Account Agreement.

Dated this 14th day of November, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

---

[2] Because this order resolves Chase's Rule 60(b) motion, its request to stay merits discovery pending resolution of that motion is moot.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM ORDER AND MOTION FOR PROTECTIVE ORDER - 11